IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-CV-675

| | |
|---|---|
| MEGAN CHERISE COBB, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>THE SELECT GROUP LLC, )<br>)<br>Defendant. )<br>) | **COMPLAINT**<br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff Megan Cherise Cobb ("Ms. Cobb"), complaining of Defendant The Select Group LLC ("Defendant"), alleges and says the following:

## **JURISDICTION**

1. This action arises under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101.

2. Ms. Cobb brings this action pursuant to ADA § 107(a), 42 U.S.C. § 12117(a).

3. ADA § 107(a), 42 U.S.C. § 12117(a), incorporates by reference Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-5, which grants jurisdiction to this Court.

4. All preconditions to jurisdiction under section 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have been satisfied.

   a. Ms. Cobb filed a charge of employment discrimination on the basis of disability with the Equal Employment Opportunity Commission (EEOC) on April 10, 2020, which was within 180 days of the alleged employment discrimination on the basis of disability against her. Please see a copy of the filed EEOC Charge attached hereto as Exhibit A.

1

b. The EEOC issued a "right to sue" letter to Ms. Cobb on September 17, 2020. Ms. Cobb received a copy of the September 17, 2020 Right to Sue letter on September 21, 2020. A copy of the September 17, 2020 Right to Sue letter is attached hereto as Exhibit B.

c. Ms. Cobb filed this complaint within 90 days of receiving the "right to sue" letter from the EEOC.

## PARTIES

5. Ms. Cobb is a citizen of the United States and a resident of Apex, North Carolina.

6. At all times relevant to this Complaint, Ms. Cobb suffered from fibromyalgia, myalgia, spondylolisthesis, and chronic pain.

7. Plaintiff is a "qualified individual with a disability" within the meaning of ADA § 101(8), 42 U.S.C. § 12111(8).

8. Defendant is a North Carolina company with its principal place of business in Raleigh, North Carolina.

9. Defendant is a "person" within the meaning of ADA § 101(7), 42 U.S.C. § 12,111(7), and Title VII § 701(a), 42 U.S.C. § 2000e(a).

10. Defendant is engaged in an "industry affecting commerce" within the meaning of ADA § 101(7), 42 U.S.C. § 12111(7), and Title VII §§ 701(g) – (h), 42 U.S.C. §§ 2000e(g) – (h).

11. Defendant employed more than 25 employees for each working day in more than 20 weeks during the preceding year.

12. Defendant is an "employer" within the meaning of ADA § 101(5)(A), 42 U.S.C. § 12111(5)(A).

2

13. Defendant is a "covered entity" within the meaning of ADA § 101(2), 42 U.S.C. § 12111(2).

## FACTS

14. Defendant hired Ms. Cobb on May 29, 2012 as a Technical Recruiter. Ms. Cobb worked continuously for Defendant until April 1, 2020.

15. At all times relevant to this action, Defendant knew that Ms. Cobb was a "qualified individual with a disability" within the meaning of ADA § 101(8), 42 U.S.C. § 12111(8).

16. Throughout Ms. Cobb's employment with Defendant, she exceeded expectations in her performance.

17. At some time in November 2018, Ms. Cobb requested permission to perform 100% of her job responsibilities from home due to her disabilities.

18. Defendant granted Ms. Cobb's request to perform her work from home.

19. During Ms. Cobb's time working from home, she continued to exceed expectations and benchmarks set by Defendant.

20. During the entirety of the third quarter of 2019, Ms. Cobb exceeded 150% of her benchmark goals and she earned a monetary performance bonus for her work for Defendant.

21. At the conclusion of the third quarter of 2019, Ms. Cobb sought advice from Defendant's management regarding what she would need to do to receive a promotion.

22. Ms. Cobb was told that, to receive a promotion, she would need to be present in the office at least 20% of the time, in spite of her disabilities and her ongoing strong work performance from home.

23. Ms. Cobb was present in the office 20% of the fourth quarter of 2019.

24. In spite of this, Ms. Cobb was not selected for a promotion at the end of 2019.

25. Defendant instead promoted three non-disabled colleagues, Brezny Weening, Stephanie Cashwell, and Leigh-Wallace Dodd.

26. Ms. Cobb was more experienced, more qualified, and had outperformed the three individuals Defendant selected for a promotion.

27. Ms. Cobb reported to Defendant her belief that Defendant's actions had been taken because Ms. Cobb's disabilities prevented her from being present in the office 100% of the time, even though her work performance far exceeded expectations and requirements.

28. Defendant unilaterally terminated Ms. Cobb's employment on April 1, 2020.

## **FIRST CLAIM: DISCRIMINATION**

29. The allegations contained in Paragraphs 1 through 28 above are incorporated herein by reference as if fully set forth.

30. As alleged above, at all times relevant to this action, Plaintiff was employed with Defendant, an "employer" within the meaning of ADA § 101(5)(A), 42 U.S.C. § 12111(5)(A).

31. As alleged above, Ms. Cobb sought promotions with Defendant for which she was qualified and for which Defendant was seeking applicants.

32. Ms. Cobb was not selected for these positions.

33. Instead, Defendant promoted three individuals who did not suffer from disabilities and whose performance was worse than Ms. Cobb's.

34. Similarly situated employees who were not disabled were treated more favorably in the terms, privileges, and conditions of their employment with Defendant.

35. Defendant's decision to not promote Ms. Cobb was because of her disability.

4

36. Defendant's decision to terminate Ms. Cobb's employment was because of her disability.

37. As a direct and proximate result of the Defendant's conduct, Ms. Cobb suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

38. Defendant's violations of the ADA, as alleged herein, were intentional, willful, knowing and malicious, or with reckless indifference to Ms. Cobb's federally protected rights.

39. Accordingly, Ms. Cobb is entitled to recover punitive damages from Defendant.

40. Ms. Cobb is entitled to recover her reasonable attorneys' fees and costs.

## **SECOND CLAIM: RETALIATION**

41. The allegations contained in Paragraphs 1 through 40 above are incorporated herein by reference as if fully set forth.

42. The ADA prohibits retaliation against employees who oppose discrimination prohibited by the ADA.

43. Ms. Cobb engaged in protected activity within the meaning of the ADA by complaining and reporting her co-workers' pervasive and severe harassment based upon Plaintiff's disability.

44. Ms. Cobb was terminated from her position with Defendant on April 1, 2020 in retaliation for her prior protected activity in resisting the Defendant's discriminatory actions.

45. As a direct and proximate result of Defendant's retaliatory conduct, Ms. Cobb has suffered and continues to suffer economic losses, mental anguish, pain and suffering, and other nonpecuniary losses.

46. Defendant's violations of the ADA, as alleged herein, were intentional, willful, knowing and malicious, or with reckless indifference to Ms. Cobb's federally protected rights.

47. Accordingly, Ms. Cobb is entitled to recover punitive damages from Defendant.

48. Ms. Cobb is entitled to recover her reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby requests the following relief:

1. That she recover of Defendant compensatory damages in an amount to be proved at trial;
2. That she recover punitive damages in an amount to be determined by the jury;
3. That she be awarded reasonable attorneys' fees and costs;
4. That she recover pre-judgment and post-judgment interest on all amounts awarded herein;
5. That she recover all other relief which the court deems just and proper.

[SIGNATURE PAGE TO FOLLOW]

This the 15th day of December, 2020.

        OSBORN GAMBALE BECKLEY & BUDD PLLC

BY: _____
        JOSEPH D. BUDD
        N.C. Bar No. 44263
        MATTHEW R. GAMBALE
        N.C. Bar No. 43359
        3801 Lake Boone Trail, Suite 400
        Raleigh, NC 27607
        joe@counselcarolina.com
        matt@counselcarolina.com
        919.373.6422
        Facsimile: 919.578.3733