IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:20-CV-00675-M

| | |
|---|---|
| MEGAN CHERISE COBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| THE SELECT GROUP LLC, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court on Defendant's "Partial Motion to Dismiss Plaintiff's Complaint" pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [DE 11]. Defendant contends that Plaintiff failed to exhaust her second claim for retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff counters that her claim is both timely and within the scope of her charge of discrimination and, thus, she has sufficiently exhausted the required remedies. For the reasons that follow, Defendant's motion is granted.

**I.  Background**

A.  Plaintiff's Factual Allegations

The following are relevant factual allegations (as opposed to statements of bare legal conclusions, unwarranted deductions of fact, or unreasonable inferences) made by the Plaintiff in the operative Complaint (DE 1), which the court must accept as true at this stage of the proceedings pursuant to *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

At all relevant times, Plaintiff suffered from fibromyalgia, myalgia, spondylolisthesis, and chronic pain. Defendant hired Plaintiff on May 29, 2012 as a Technical Recruiter. Plaintiff worked continuously for Defendant until April 1, 2020. During this time, Defendant knew that

Plaintiff was "disabled" within the meaning of the Americans with Disabilities Act § 101(8), 42 U.S.C. § 12111(8) ("ADA").

Throughout her employment with Defendant, Plaintiff exceeded expectations in her work performance. In or about November 2018, Plaintiff requested permission to perform 100% of her job responsibilities from home due to her disabilities, and Defendant granted the request. While working from home, Plaintiff continued to exceed expectations and benchmarks set by Defendant. In the third quarter of 2019, Plaintiff exceeded 150% of her benchmark goals and earned a monetary performance bonus. At the conclusion of the third quarter, Plaintiff asked her direct manager what she should do to receive a promotion. The manager responded that, in spite of Plaintiff's disabilities and her strong work performance from home, Plaintiff would need to be present in the office at least 20% of the time.

Plaintiff was present in the office 20% of the fourth quarter of 2019, but she was not selected for a promotion. Defendant promoted three non-disabled individuals who were less experienced and less qualified than Plaintiff and who had not performed as well as Plaintiff. Plaintiff reported to Defendant her belief that Defendant took these actions because her disabilities prevented her from being present in the office 100% of the time, even though her work performance far exceeded expectations and requirements. Defendant terminated Plaintiff's employment on April 1, 2020.

B. Procedural History

On or about April 10, 2020, Plaintiff filed a charge of discrimination against Defendant with the EEOC, alleging violations of the ADA, as amended. *See* Charge of Discrimination, DE 1-1. The charge reflects Plaintiff's selection of "disability" and "retaliation" as bases for discrimination and explains in the "Particulars" section the Plaintiff's claims. *See id.* On

September 17, 2020, the EEOC issued to the Plaintiff a Notice of Right to Sue; Plaintiff received the Notice on September 21, 2020 (*see* DE 1-2) and filed the operative Complaint on December 15, 2020.

## II. Legal Standards

When considering a Rule 12(b)(6) motion to dismiss,[1] the court must accept as true all of the well-pleaded factual allegations contained within the complaint and must draw all reasonable inferences in the plaintiff's favor, *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017), but any legal conclusions proffered by the plaintiff need not be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The *Iqbal* Court made clear that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

To survive a Rule 12(b)(6) motion, the plaintiff's well-pleaded factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Twombly*'s plausibility standard requires that a plaintiff's well-pleaded factual allegations "be enough to raise a right to relief above the speculative level," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal

---

[1]Some courts have continued to address motions for failure to exhaust administrative remedies with the EEOC under Fed. R. Civ. P. 12(b)(1). However, the Supreme Court in *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1850, 204 L. Ed. 2d 116 (2019) held that "Title VII's charge-filing requirement is not of jurisdictional cast." Therefore, analysis of an ADA failure to exhaust is no longer proper under Rule 12(b)(1), and Defendant correctly brings its motion pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a plausible claim for relief.

3

[conduct]." *Id.* at 555–56. A speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 678–79 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)).

## III. Analysis

The Fourth Circuit instructs that the "ADA incorporates Title VII's enforcement provisions, including the requirement that a plaintiff exhaust her administrative remedies by filing an administrative charge of discrimination before pursuing a suit in federal court." *Ruffin v. Lockheed Martin Corp.*, 659 F. App'x 744, 746 (4th Cir. 2016) (citing *Sydnor v. Fairfax Cty.*, 681 F.3d 591, 593 (4th Cir. 2012)). "The allegations contained in an administrative charge generally limit the scope of any subsequent judicial complaint." *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 416 (4th Cir. 2014) (citing *King v. Seaboard Coast Line R.R.*, 538 F.2d 581, 583 (4th Cir. 1976) for the proposition that "a subsequent civil suit 'may encompass only the "discrimination stated in the [EEOC] charge itself or developed in the course of a reasonable investigation of that charge"'"). If "the claims raised under [the ADA] exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) (citations omitted).

District courts "are not at liberty to read into administrative charges allegations they do not contain. Instead, persons alleging discrimination have a different form of recourse if they

4

determine that their initial charge does not read as they intended: they may . . . file an amended charge with the EEOC." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013). An ADA claim is subject to dismissal "if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex." *Equal Emp. Opportunity Comm'n v. 1618 Concepts, Inc.*, 432 F. Supp. 3d 595, 601-02 (quoting *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009), *abrogated on other grounds by Fort Bend Cty.*, 139 S. Ct. 1843, 204 L. Ed. 2d 116); *see also Chacko*, 429 F.3d at 509 (same).

Here, Defendant contends that although Plaintiff selected "Retaliation" as a basis for unlawful discrimination on her EEOC charge, she failed to include in the charge any facts whatsoever describing or supporting an ADA retaliation claim. Plaintiff counters that her selection of the "Retaliation" basis and the mention of her termination date in the "Date(s) Discrimination Took Place" and "Particulars" sections are sufficient to exhaust remedies with the EEOC.

No party can plausibly argue that the charge[2] contains information in the Particulars section describing Plaintiff's claim of retaliation. "To establish a prima facie retaliation claim under the ADA, a plaintiff must prove (1) [s]he engaged in protected conduct, (2) [s]he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action." *Reynolds v. Am. Nat. Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012). Here, nothing in the charge of discrimination reflects that Plaintiff engaged in protected conduct, or that she suffered an adverse action—in this case, potentially, the denial of a promotion or Plaintiff's termination of

---

[2] The court may consider the charge of discrimination without converting the motion to dismiss into one for summary judgment. *See Brown v. Inst. For Fam. Centered Servs., Inc.*, 394 F. Supp. 2d 724, 729 n.2 (M.D.N.C. 2005). "The EEOC charge is [attached to and] referenced in Plaintiff's complaint and is central to Plaintiff's claim in that Plaintiff must rely on it to establish she has exhausted her administrative remedies." *Id.*

5

employment—because of any protected conduct. *See* Charge, DE 1-1. The "Particulars" section states in its entirety:

**Inquiry Number 433-2020-01891**
I have a disability due to having fibromyalgia, myalgia, spondylolisthesis at the L5/S1 level, and chronic pain. Prior to my termination on April 1st, 2020, reasonable accommodations were made allowing me to work from home 100% of the time beginning November 2018. Throughout my time at The Select Group I exceeded expectations set from goals by my leadership each quarter. I especially exceeded the expectations set during my time as the Manager of Infrastructure Delivery in which the discrimination occurred. During my Q3 2019 Quarterly Business Review Meeting on October 15th, 2019, I asked my direct manager for guidance on what action I needed to take so that I could receive a promotion. My manager stated that I needed to physically come into the office 20% of every week, knowing that this would be more difficult for me because of my disability, so that he could justify denying me a promotion. I interfaced with 14 offices across the US and Canada so the vast majority of my work was completed by remotely connecting with my colleagues via phone and web/email, also, I had already proven over the 12 months prior that I was able to successfully work from home 100% of time, keep a minimum of a 40 hour work week, and not only meet, but exceed every quarterly goal set by my leadership team.
At the conclusion of Q4 2019, I met the expectation of coming into the office 20% of the time, but was not considered for promotion. Three non-disabled colleagues received promotions even though they were less qualified, less experienced, and had not performed as well as me during 2019.
The Select Group ultimately terminated my employment on April 1, 2020 because of my disability.

*Id.* Nothing in the charge supports or relates to Plaintiff's allegations in the Complaint that she reported to Defendant (1) her belief that she was not selected for a promotion because her disabilities prevented her from being present at work 100% of the time (Compl. at ¶ 27); or (2) "her co-workers' pervasive and severe harassment based upon Plaintiff's disability" (*id.* at ¶ 43). Moreover, without describing any protected activity or causation, the charge contains insufficient information from which a retaliation claim would naturally arise during an agency investigation.

Nevertheless, Plaintiff asserts that the court may find she has exhausted simply by checking the "Retaliation" box and noting her termination date on the charge. She cites five cases in support of her argument. First, in *Agolli v. Office Depot, Inc.*, 548 F. App'x 871 (4th Cir. 2013) (unpublished), the Fourth Circuit determined that the district court erred in dismissing, for failure to exhaust, a pro se plaintiff's race discrimination and retaliation claims for the plaintiff's failure to provide a "coherent" statement of facts in support of her charge. *Id.* at 875-76. The court found that, while the plaintiff's statement was a "grueling read," it provided the defendant sufficient

6

notice of her theories of discrimination and retaliation. *Id.* In so finding, the court acknowledged that

> [u]nder the applicable regulations, Agolli's EEOC charge merely "should" have included "[a] *clear and concise statement of the facts*, including pertinent dates, constituting the alleged unlawful employment practices." *See* 29 C.F.R. § 1601.12(a)(3). The regulations specifically allow that "a charge is sufficient when the [EEOC] receives from the person making the charge *a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.*" *Id.* § 1601.12(b).

*Id.* at 876 (emphasis added). In this case, since the Plaintiff's charge contains no facts related to a retaliation claim, the court finds *Agolli* distinguishable and unpersuasive.

Next, Plaintiff cites *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996), in which the Fourth Circuit affirmed the district court's dismissal of the plaintiff's sexual harassment and age discrimination claims for the plaintiff's failure to allege them in her charge of discrimination. Plaintiff also cites *Chacko v. Patuxent Inst.*, 429 F.3d 505, 511–12 (4th Cir. 2005), in which the Fourth Circuit reversed a jury verdict in plaintiff's favor, finding the plaintiff failed to exhaust administrative remedies for a co-worker harassment claim that was not alleged in the EEOC charge. The court finds these cases actually contradict the Plaintiff's argument that she need only mark the "Retaliation" box and note her termination date in the EEOC charge; the Fourth Circuit determined in *Chacko* that "if the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient" and cited other circuits for the propositions that "[t]he crucial element of a charge of discrimination is the factual statement contained therein" and "the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals." *Id.* at 509-510 (citing *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) and *Kersting v. Wal–Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001)).

7

Plaintiff also cites *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013), in which the Fourth Circuit held that courts may look only at the EEOC charge itself to determine what claims a plaintiff properly alleged before the EEOC; the plaintiff's intake questionnaire and subsequent letters to the EEOC should not be considered, particularly because they were not shared with the employer. *Id.* at 408. In coming to this conclusion, the court noted that courts "are not at liberty to read into administrative charges allegations they do not contain." *Id.* Plaintiff's charge contains no allegations supporting a retaliation claim; thus, *Balas* does not support Plaintiff's argument.

Finally, Plaintiff cites *Keener v. Universal Companies, Inc.*, 128 F. Supp. 3d 902, 912 (M.D.N.C. 2015) arguing that the *Keener* court "summarily found that a plaintiff had exhausted *all* of her administrative remedies in pursuing a Title VII claim" where the plaintiff "listed her termination date . . . under the section entitled 'Date(s) Discrimination Took Place'" and "in the 'Particulars' section of the EEOC Charge," and "checked the boxes of discrimination based on [sex] and retaliation." Resp. at 4 (citing *Keener*, 128 F. Supp. 3d at 912) (emphasis added). But *Keener* is materially distinguishable; the court affirmed the parties' agreement that the plaintiff had "exhausted a claim for discriminatory and retaliatory discharge" where the plaintiff not only "checked the boxes of discrimination based on sex and retaliation" and noted her termination date in the charge, but also "claim[ed] that she was fired under the pretext of poor performance, represent[ed] she was replaced by a male employee, and assert[ed] she was 'discriminated against because of [her] sex (F) and subjected to retaliation due to [her] protected activities'" in the charge. *Keener*, 128 F. Supp. 3d at 912. In addition, the charge included the following statement: "During my employment, I was discriminated against due to my sex (female). I complained about the discrimination but Respondent took no action." *Id.* at 913. Moreover, the court found the plaintiff

8

did not exhaust her harassment claim against a co-worker because she failed to identify him in her EEOC charge. *See id.* The court finds that, like Plaintiff's other cited cases, *Keener* does not support an argument that merely selecting the "retaliation" box and listing a termination date in an EEOC charge is sufficient to exhaust administrative remedies for an ADA retaliation claim.

The Plaintiff does not dispute that she identified no party, specified no protected activity, and recounted no factual circumstances supporting a claim for retaliation in her EEOC charge. *See Chacko*, 429 F.3d at 508 (a charge is sufficient only "if it is 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'") (quoting 29 C.F.R. § 1601.12(b)). Accordingly, the court concludes the Plaintiff has failed to rebut the Defendant's contention that she failed to exhaust her administrative remedies for her second claim of retaliation in violation of the ADA.

## IV. Conclusion

In sum, by wholly failing to identify any actors or describe any facts supporting a retaliation claim in her EEOC charge, Plaintiff did not exhaust her administrative remedies under the ADA. Therefore, Defendants' motion for partial dismissal of Plaintiff's Complaint is GRANTED. Plaintiff's second claim for retaliation in violation of the ADA is dismissed; her claim for discrimination in violation of the ADA based on her disability(ies), as set forth in the first claim for relief (*see* DE 1), will proceed in this case.

SO ORDERED this 22d day of June, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE